**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DAVID READ,**

       **Plaintiff,**      **9:11-cv-459**
                  **(GLS/DEP)**
    **v.**

**D. CALABREASE,** Counselor of
Programs, Marcy Correctional Facility,
**et al.**

        **Defendants.**
_____
**APPEARANCES:**

**FOR THE PLAINTIFF:**
David Read
Pro Se
10-A-5909
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

**Gary L. Sharpe**
**Chief Judge**

## DECISION AND ORDER

### I. Background

  Plaintiff *pro se* David Read commenced this action pursuant to 42

U.S.C. § 1983, seeking to assert due process claims arising out of a

disciplinary hearing during his confinement at Marcy Correctional Facility.

(*See* Compl., Dkt. No. 1.)  Read did not pay the filing fee for this action and sought leave to proceed *in forma pauperis*, an application that was granted by this court.  (*See* Dkt. Nos. 2, 13.)  Currently before the court is Read's *Peralta* waiver, as well as a motion for a preliminary injunction and a letter motion regarding his legal mail.  (*See* Dkt. Nos. 15, 16, 19.)

## II.  Discussion

### A.  *Peralta* Waiver

Upon review of Read's complaint, this court found that "the due process claims set forth therein implicate the validity of his disciplinary conviction and sentence, and that Read was subjected to 'mixed sanctions' affecting both the duration and the conditions of his confinement."  (Dkt. No. 13 at 11.)  Because Read had not demonstrated that these determinations have been invalidated, the court ruled that the "favorable termination" rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), barred prosecution of the claims unless he "'abandon[s], not just now, but also in any future proceeding, any claims he may have with respect to the duration of his confinement that arise out of the proceeding he is attacking in [this] § 1983 suit.'" (*Id.* (quoting *Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006))).

Read has submitted a written statement entitled "Waiver: Peralta Waiver" in which he states that he "wish[es] to waive as ordered [and has] read the decisions and concur to the [sic] courts." (Dkt. No. 15 at 1.) Read further requests that this court accept his waiver "as above stated and proceed with forwarding [him] the update[d] orders of process as ordered." (*Id.* at 2.) Given Read's *pro se* status, the court has liberally construed his statement as "abandon[ing], not just now, but also in any future proceeding, any claims he may have with respect to the duration of his confinement that arise out of the proceeding he is attacking in [this] § 1983 suit." *Peralta*, 467 F.3d at 104.

Based upon the foregoing, all claims set forth in the complaint relating to disciplinary sanctions imposed on Read, which affect the duration of his confinement, are dismissed. The Clerk of the Court shall issue summonses and forward them to the U.S. Marshals Service for service on the defendants.

**B.   Preliminary Injunction**

On November 7, 2011, Read submitted a motion for a preliminary injunction requesting that this court "mandate a protection order preventing [defendant M.D.] Kinderman from abusing his authority on [him]." (Dkt. No.

16 at 1.)  Read has not, however, identified how Kinderman is "abusing his authority."  (*See id.*)

The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit.  To prevail on a motion for preliminary injunctive relief, Read must demonstrate: (1) irreparable harm and (2) either (a) a substantial likelihood of success on the merits of the claim or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor.  *See Covino v. Patrissi*, 967 F.2d 73, 77 (2d Cir. 1992).  Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Here, the exact nature of the relief sought by Read is not clear.  It is also far from clear that Read's motion for injunctive relief is related to the due process claims he raises in his complaint.  *See McKinnon v. Tresman*, No. 302CV2305, 2004 WL 78091, at *1 (D. Conn. Jan. 9, 2004) ("To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving

4

rise to the complaint."). Furthermore, assuming that (1) the nature of the relief Read requests could be properly identified and (2) he could establish that Kinderman's abuse of authority was related to the claims raised in his complaint, he has failed to submit any proof or evidence which demonstrates a substantial likelihood of success on the merits or the existence of sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. Indeed, Read has submitted nothing beyond the vague and conclusory claim that Kinderman is "abusing his authority." (Dkt. No. 16 at 1.) That allegation, standing alone, is not sufficient to entitle him to preliminary injunctive relief. Accordingly, Read's motion for a preliminary injunction is denied.

## C.     Letter Motion Regarding Legal Mail

Read claims, in his January 31, 2012 letter motion, that Kinderman, the program supervisor in charge of the law library, has interfered with his "legal mail for other cases," because he apparently needed more information from Read. (Dkt. No. 19 at 1.) Here, as with Read's motion for a preliminary injunction, the exact nature of the relief Read is requesting is not clear. However, he appears to be seeking an order acknowledging that he is permitted to file "motions, briefs," and other documents with the court "at

anytime," and also that he is permitted to utilize the law library to "make copies" of those documents. (*Id.* at 2-3.) That request is denied.

### III. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that all claims set forth in the complaint relating to disciplinary sanctions imposed on Read which affect the duration of his confinement are dismissed; and it is further

**ORDERED** that the Clerk of the Court shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon the defendants. The Clerk shall forward a copy of the summons and complaint by mail to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that defendants or their counsel shall file a response to Read's complaint as provided for in the Federal Rules of Civil Procedure after service of process on the defendants; and it is further

**ORDERED** that Read's motion for a preliminary injunction (Dkt. No. 16) is **DENIED**; and it is further

**ORDERED** that Read's letter motion regarding his legal mail (Dkt. No. 19) is **DENIED**; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the court which does not include a proper certificate of service will be stricken from the docket**.  Read must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Read is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; Read's failure to do so will result in the dismissal of this action**, and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on Read.

**IT IS SO ORDERED.**

March 7, 2012
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court