UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID PAUL READ,

                Plaintiff,              9:11-cv-459
                                                  (GLS/DEP)

        v.

DAWN M. CALABRESE et al.,

                Defendants.
_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PLAINTIFF:**
David Read
Pro Se
10-A-5909
Collins Correctional Facility
P.O. Box 340
Collins, NY 14034

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN    KEVIN M. HAYDEN
New York State Attorney General    Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* David Paul Read commenced this action against

defendants Dawn M. CalaBrese[1] and M.D. Kinderman, pursuant to 42 U.S.C. § 1983, alleging retaliation and a deprivation of procedural due process, in violation of the First and Fourteenth Amendments.[2] (*See generally* Am. Compl., Dkt. No. 39.) On May 5, 2014, defendants moved for summary judgment, seeking dismissal of all of Read's remaining claims. (Dkt. No. 75.) In a Report and Recommendation (R&R) issued on March 11, 2015, Magistrate Judge David E. Peebles recommended that defendants' motion for summary judgment be granted in its entirety, and Read's remaining claims be dismissed. (Dkt. No. 88.) Pending are Read's objections to the R&R. (Dkt. No. 89.) For the reasons that follow, the R&R is adopted in its entirety.

## II. Background

Although Judge Peebles engaged in a lengthy and thorough discussion of the relevant facts in his R&R, for the sake of context, the court briefly mentions the salient facts here. Read is an inmate currently in

---

[1] Although named in the amended complaint as "D. CalaBrease," the court ordered that the docket in this case reflect what appears to be her correct name of "Dawn M. CalaBrese." (Dkt. No. 51 at 1 n.1.)

[2] Read had also arguably asserted additional claims in his amended complaint, but after defendants' filing of a motion to dismiss, this court dismissed all of Read's claims with the exception of his procedural due process and retaliation claims. (Dkt. No. 53.)

2

the custody of the New York State Department of Corrections and Community Supervision (DOCCS), and, during the time period relevant to his claims, was housed at Marcy Correctional Facility. (*See generally* Am. Compl.; Dkt. No. 75, Attach. 3 at 8.) His claims here arise from a decision by CalaBrese to place Read's wife, Michelle Read, on a negative correspondence list, which prevented Read from contacting her, because of an existing order of protection. (*See generally* Am. Compl.; Defs.' Statement of Material Facts (SMF) ¶ 3, Dkt. No. 75, Attach. 34.) The order of protection had been issued to Michelle Read by the Town of Haverstraw Justice Court because she was the victim of the crime for which Read was incarcerated. (Defs.' SMF ¶¶ 1-2.) Read was advised that any attempts to contact his wife, or to circumvent the no-contact list, would result in disciplinary action. (*Id.* ¶¶ 5, 7, 9.)

In response to Read's objections to his wife being placed on a negative correspondence list, CalaBrese advised him to communicate with the proper authorities in order to obtain verification that there was, in fact, no active order of protection in place against him, as he claimed. (*Id.* ¶¶ 10-12; Dkt. No. 75, Attach. 10.) Read obtained a letter from the Haverstraw Justice Court confirming that no order of protection was in

3

effect against him from that court at the time, and again requested that he be permitted to contact his wife. (Defs.' SMF ¶¶ 18, 20.) In response, Kinderman informed Read that his wife would remain on his negative correspondence list because the Rockland County Sheriff's Office had indicated that an order of protection remained in effect. (*Id.* ¶ 19.) Despite this, Read made several requests to have phone numbers added to his contact list, some of which appeared to belong to his wife, though he did not identify them as such, and also attempted to call a phone number that he had previously identified as belonging to his wife. (*Id.* ¶¶ 20-31.) Consequently, he was issued a misbehavior report by CalaBrese, accusing him of refusing to follow direct orders to refrain from contacting his wife and lying. (*Id.* ¶¶ 32-33.) Kinderman conducted a disciplinary hearing, after which Read was found guilty of the charges and placed in SHU. (*Id.* ¶¶ 34-43.)

Read filed two grievances regarding these events, in which he complains of CalaBrese placing his wife on a negative correspondence list without justification. (*Id.* ¶¶ 13, 15; Dkt. No. 77, Attach. 7 at 6-7, 9.) Neither grievance mentions Kinderman's conduct. (Defs.' SMF ¶ 14.) Read's grievances were denied, and there is no record of him appealing

4

any grievance to DOCCS' Central Office Review Committee (CORC). (Defs.' SMF ¶¶ 16-17.)

### III. Standard of Review

Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

### IV. Discussion

In his R&R, Judge Peebles recommended that defendants' motion for summary judgment be granted and Read's claims be dismissed. (Dkt. No. 88.) Judge Peebles offered two alternative bases justifying dismissal. First, he recommended that Read's claims be dismissed for failure to

exhaust available administrative remedies before commencing suit. (*Id.* at 11-21.) Specifically, Judge Peebles noted that the undisputed record evidence demonstrates that Read did not file a grievance in which he alleged that Calabrese issued a misbehavior report in retaliation for Read's filing of earlier grievances, or that Kinderman denied him due process during the disciplinary hearing that followed, which form the basis for Read's current lawsuit. (*Id.* at 15-16; Am. Compl. at 7.) Furthermore, Read had not shown circumstances that would excuse his failure to exhaust his administrative remedies. (Dkt. No. 88 at 16-21.)

Alternatively, notwithstanding Read's failure to exhaust, Judge Peebles addressed the merits of Read's claims, "out of an abundance of caution," (*id.* at 21 n.9), and recommended dismissal of his remaining claims for lack of merit. (*Id.* at 23-34.) With respect to Read's retaliation claim, Judge Peebles noted Calabrese's sworn affidavit in which she denied any retaliatory motivation for issuing the misbehavior report, and Read's reliance on pure speculation that Calabrese issued the misbehavior report out of retaliation for Read's filing of earlier grievances. (*Id.* at 23-26.) As to Read's procedural due process claim, Judge Peebles concluded that defendants were entitled to summary judgment because Read could not

6

demonstrate that he suffered an "'atypical and significant hardship,'" and thus failed to show that he was deprived of a cognizable liberty interest. (*Id.* at 26-31 (quoting *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)).) Furthermore, even if he could prove he was deprived of a legally recognized liberty interest, there was no evidentiary support for his claim that such deprivation occurred without due process. (*Id.* at 32-34.)

From what the court can discern from Read's objections, he appears to argue that he did not, in fact, attempt to communicate with his wife and have her phone number added to his contact list under false pretenses, because the phone number he sought to add to his contact list belonged to his mother-in-law, and not his wife. (Dkt. No. 89 at 1-4.) However, Read has not addressed, in any fashion, either his retaliation or his due process claim, nor has he specifically addressed any of the grounds on which Judge Peebles recommends dismissing his claims, and thus has failed to identify errors with any specific portion of the R&R. His objections, therefore, merit only review for clear error, consistent with the standards set forth in *Almonte*, 2006 WL 149049, at *3-5. After careful review of the record, the court finds that the recommendations in the R&R are not clearly erroneous, and adopts them in their entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge David E. Peebles' March 11, 2015 Report and Recommendation (Dkt. No. 88) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 75) is **GRANTED**; and it is further

**ORDERED** that Read's amended complaint (Dkt. No. 39) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 26, 2015
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court